## DRIVER v. CLARKE & GIVENS.

1. A bond conditioned to make title to land, on the payment of the purchase money, is an equity merely in the vendee, which cannot be sold by execution at law against him.

2. In such a case, a bill may be filed by the vendor, against the vendee, to enforce the equitable lien, for the payment of the purchase money, without making the purchaser of the interest of the vendee, at sheriff's sale a party, though he is in possession of the land, unless it be shown that he is connected with the equitable title sought to be foreclosed.

Before the Hon. W. W. Mason, Chancellor.

THE facts of the case sufficiently appear in the opinion of the court.

L. E. PARSONS, for the plaintiff in error, made the following points:

The bill and amendment charge, the land was held by Clarke under a bond for titles, from Driver, when the purchase money should be paid. The bill is taken for confessed as to Clark, and Herndon dislaims all interest, except as tenant for Givens.

Givens admits in his answer to the original bill, that he purchased this land at sheriff's sale, under an execution against Clarke; and in his answer to the amended bill, that

he has got the bond for titles from Driver to Clarke—that he obtained it from Mrs. Clarke.

The proof shows the note and signature to be in the handwriting of Clarke, and that Clarke said, while in possession of the land, he gave the note for it; and that it was due, and ought to be paid.

1. The court should have permitted complainant to dismiss his bill as to Herndon and Givens, because the relief prayed for could be decreed against Clarke, and the complainant would then be left to his remedy against H. and G. They would not be prejudiced by this. A clear case is shown against Clarke. Harris, et al. v. Carter, 3 Stew. 238; 1 Smith's Ch. Pr. 313.

The fact that the entire allegations of the bill were not proven as against Givens and Herndon, affords no reason for refusing a decree against Clarke, as to whom the case is made out. Marr's Ex. v. Southwick, et al. 2 Porter, 351: Bumpass v. Webb, 4 Ib. 65.

It is insisted, that as G. and H. hold under Clarke, they are not necessary parties, or if necessary, they, as privies in estate, are effectually concluded by the evidence which is shown against Clarke.

Rice and A. J. Walker, contra, cited Batre v. Auze's heirs, 5 Ala. Rep. 173; Erwin v. Ferguson, Id. 158; 40th Rule Ch. Practice.

DARGAN, J.—The bill alledges, that the complainant was seized of an undivided half of the north-east quarter of section 28, township 14, range 8, in the Coosa land district, the other half belonging to James Clarke. That on the 13th April, 1837, he contracted to sell his interest to said Clarke, for fifteen hundred and twenty dollars, to be paid on the 25th December next thereafter, with interest from date; and that Clarke executed his note to the complainant accordingly, and complainant executed to said Clarke a bond for titles, in the penal sum of $3040, conditioned to make titles to the said Clarke, on the payment of the purchase money.

25

The bill then avers, that the purchase money was unpaid, except about $600; that Clarke has removed from the State, and has still said bond for titles. The bill further alledges, that Givens and Howard are in possession of the land, and claim by purchase from Clarke.

Howard answers, that he is the tenant of Givens, without further interest, and has no knowledge of the facts stated in the bill.

Givens answers, denying all knowledge of the contract as alledged in the bill. Avers that the land was sold under execution, as the property of Clarke, in 1841; that he became the purchaser of said land, that is, the entire quarter section, and by virtue of his deed, he had obtained the possession.

The complainant filed an amended bill, in which he alledges, that he was mistaken in stating that Clarke yet retained the possession of the bond, and alledges that the defendants, Givens and Howard, or one of them, have it in their possession. Givens in answer to this admits that he received the bond from the wife of Clarke, or from her father, but it was after his purchase at sheriff's sale, and after the purchase of the right of dower of Mrs. Clarke, and that he did not know of the existence of the bond, as described in the bill until after his purchase; but that he has lost or mislaid it, and that after searching for it, he cannot find it. The bill was taken *pro confesso* against Clarke, he having failed to answer. The signature of the note was proved, and one witness stated, that he held the note for collection, and that Clarke admitted it was given for land.

These are the material facts prssented by the record, and the first question is, are the allegations of the bill proved as against Givens. There is no proof made by the complainant, that he was in fact seized in fee, nor that the note was given for the land. The only proof consists in the admission of Givens, of his answer to the amended bill; that he received the bond described in the bill from the wife of Clarke, or from her father. This is the only proof against Givens, that Clarke ever accepted the bond from the complainant. We think this admission within itself, taken in connection with the answer of Givens, that he knew nothing

of the contract, and unsupported by any other proof, is insufficient to prove the allegations as against him.

The next question is, can a decree be rendered against Clarke, (the bill as to him having been taken as confessed,) and dismissed as to Givens. The solution of this question, depends on the fact, whether Givens is a necessary party to the bill, not whether he might be made a party ; but whether a decree could be rendered in favor of the complainant, against Clarke, without making Givens a party to the bill.

The allegations of the bill are, that complainant and Clarke being jointly seized in fee, he contracted to sell his interest to Clarke, received a note for the purchase money, and gave Clarke a bond to make titles, when the money was paid. That only about $600 have been paid. The answer and proof of Givens, is, that he purchased the land at sheriff's sale, since the date of the contract, as alledged in the bill. What interest did Clarke take in the land, by virtue of his contract ? Not the legal title, but a mere equity, which would entitle him to the legal title, when the purchase money was paid. Can such an interest be sold under execution at law ?

In 17 Johns. Rep. 351, it was determined, that where one contracts to sell land, and part only of the purchase money is paid, the vendee has a mere equitable interest, that cannot be sold by execution at law. To the same effect see first Yerger, 1. These decisions were made, notwithstanding the statute of uses in those States executes the use, and subjects the interest of *cestui que use*, to levy and sale. But by our statute of 1820, (Clay's Dig. 350,) it is provided that the equitable title, or claim to land, or other real estate, shall hereafter be made liable to the payment of debts, by suit in Chancery, and not otherwise; and in conformity with this statute, this court has decided, that a mere equitable title cannot be levied on, and sold by execution. Davis v. McKinny, 5 Ala. R. 729.

It is very clear, that a bond for title, before the purchase money is paid, gives nothing more than a mere equity, and this interest cannot be sold by execution at law. The object of the bill is to foreclose that equity, which is still vest-

ed in Clarke, and which was not divested by the sheriff's sale, nor any title or interest therein conveyed to Givens.

Then, although he is in possession, he is not connected with this equitable right, that is sought to be foreclosed, and instead of holding in connection with this equitable title, he seems to hold adversely to the plaintiff, and not in connection with any title derived from the plaintiff. Under these circumstances, I think a decree may be rendered against Clarke, without making Givens a party to the bill. This decree will cut off the equity of Clarke, unless he pays up the purchase money, and will leave the complainant with his legal title, which he now has according to the allegations of his bill, which he may assert as he sees proper. The chancellor therefore erred in dismissing the bill, as against Clarke. The bond for titles should have been decreed an equitable lien, the amount of the purchase money remaining unpaid ascertained, according to the practice of courts of chancery, and a final decree rendered.

The decree therefore dismissing the bill as to Clarke, is reversed, and the cause remanded; and it is ordered, that the defendant, James Clarke, pay the costs of this court.